STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
Consolidated DOCKET NO. AP-
2012-16
M M M - KEN - 10/12/13

**OLD POINT, INC.,**

Petitioner,

v.

**INHABITANTS OF THE TOWN OF
LAMOINE and TOWN OF LAMOINE
BOARD OF ASSESSORS, and HANCOCK
COUNTY COMMISSIONERS**

Respondents.

ORDER ON CONSOLIDATED
RULE 80C and 80B APPEALS

Before this Court is a Petition filed by Old Point, Inc. ("Old Point" or "Petitioner")

pursuant to M.R. Civ. P. 80C and 80B, seeking review of two separate decisions: (1) the April 9,

2012 decision of the State Board of Property Tax Review (the "State Board") denying

jurisdiction over Petitioner's consolidated tax abatement appeals for the April 1, 2009 and April

1, 2010 tax assessment dates; and (2) the January 8, 2013 decision of the Hancock County

Commissioners (the "Commissioners") denying jurisdiction over the same two tax abatement

appeals. The only issue on this appeal is which administrative agency, the State Board or the

Commissioners, has jurisdiction over Petitioner's abatement appeals and thus, should hear them

on the merits.

FACTUAL AND PROCEDURAL BACKGROUND

Old Point is a non-profit corporation, which owns real property situated at 1411 Shore

Road in Lamoine, ME and denominated as Lot 33 of Town Tax Map (the "Property"). (Br. of

Pet. 2.) The Property consists of approximately 94 acres of land with 1,100 feet of road frontage;

1

73 acres of the Property were formally entered into the Tree Growth Tax Program by Petitioner under 36 M.R.S.A. §§ 571-584-A; and the remaining 21 acres have no shore frontage and are improved with one single-family house. (Br. of Pet. 2.) The single-family house is occupied by Peter H. Hartline, Old Point's Treasurer and Director, thus, this 21 acres parcel is classified as residential. (Br. of Resp. Ex. A at 1.) All 94 acres are subject to permanent, restrictive conservation easements. (Br. of Pet. 2.)

On April 1, 2009 and April 1, 2010, the Town assessed the Property at $1,662,000 and $1,661,700, respectively.[1] (Br. of Pet. 2.) Petitioner, however, believes that the Property's fair market value is $148,449. (Br. of Pet. 2.) Consequently, Petitioner contested the Town's assessment by first filing an abatement request to the Town—which was denied—then, by filing an appeal of this denial to the State Board. (Br. of Pet. 2.) Additionally, Petitioner filed an appeal of the abatement denial with the Commissioners. (Br. of Pet. 3.) On April 9, 2012 and January 8, 2013, respectively, both the State Board and the Commissioners declined to hear Old Point's appeals for lack of subject matter jurisdiction. (Br. of Pet. 3.) On May 9, 2012, Old Point filed this Petition seeking review of the State Board's decision dated April 9, 2012. On February 1, 2013, Old Point filed another petition in Superior Court (Hancock County), styled *Old Point, Inc. v. Inhabitants of the Town of Lamoine, et al.*, Docket No. AP-13-01, seeking review of the Commissioners' January 8, 2013 decision. Pursuant to a court order dated July 1, 2013, this Court consolidated the two petitions under docket number AP-12-16 and assumed jurisdiction over the two appeals.

---

[1] Approximately $1,583,600 out of these numbers was attributed to the 21 residential acres. (Br. of Resp. Ex. A at 2 n.2.)

2

## STANDARD OF REVIEW

The court must affirm agency decisions unless it finds an abuse of discretion, error of law, or findings unsupported by substantial evidence from the record.[2] *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 14, 818 A.2d 1013 (citation and quotation marks omitted). The petitioner bears the burden of proving that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted). "Judges may not substitute their judgment for that of the agency merely because the evidence could give rise to more than one result." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982) (citation omitted). Rather, the court will defer to administrative conclusions when based on evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and quotation omitted). In doing so, the Court must give great deference to an agency's construction of a statute it is charged with administering. *Rangeley Crossroads Coal. v. Land Use Regulation Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223. Likewise, the Court must accept the agency's interpretation of its own internal rules and regulations "unless the rules or regulations plainly compel a contrary result." *Id.*

---

[2] Under the statutory iteration, the Superior Court may only reverse or modify an administrative decision if it is:

    (1) In violation of constitutional or statutory provisions;
    (2) In excess of the statutory authority of the agency;
    (3) Made upon unlawful procedure;
    (4) Affected by bias or error of law;
    (5) Unsupported by substantial evidence on the whole record; or
    (6) Arbitrary or capricious or characterized by abuse of discretion.

5 M.R.S.A. § 11007(4)(C).

3

M.R. Civ. P. 80B provides for review of governmental action. Appeals to the Superior Court pursuant to Rule 80B must be provided by statute or otherwise. *See* M.R. Civ. P. 80B(a). Section 844 of Title 36 provides that "if the assessors or the municipal officers refuse to make the abatement asked for, the applicant may apply to the county commissioners. . . . Either party may appeal from the decision of the county commissioners to the Superior Court, in accordance with the Maine Rules of Civil Procedure, Rule 80B." 36 M.R.S.A. § 844(1). Review is limited to the Record unless a motion for trial of facts is granted. *See* M.R. Civ. P. 80B(d) and (f).

In a Rule 80B appeal, the Superior Court "review(s) a municipality's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Drinkwater v. Town of Milford*, No. CIV.A. AP-02-08, 2003 WL 21018810, at *1 (Me. Super. Apr. 18, 2003) (quotation omitted).

## DISCUSSION

Section 583 of Title 36 vests appellate jurisdiction over abatement decisions made under the Tree Growth Tax Law in the State Board of Property Tax Review.[3] 36 M.R.S.A. § 583. Appeals before the Board with respect to properties that are not subject to the Tree Growth Tax Law are guided by section 844, which enumerates the limited circumstances where it would exercise appellate jurisdiction. 36 M.R.S.A. § 844. Specifically, in relevant part, this section provides as follows: "if the assessors or the municipal officers refuse to make the abatement asked for, the applicant may apply *to the county commissioners* within 60 days after notice of the

---

[3] In states as follows:

> Assessments made under this subchapter and denials of applications for valuation under this subchapter are subject to the abatement procedures provided by section 841. Appeal from an abatement decision rendered under section 841 shall be to the State Board of Property Tax Review.

36 M.R.S.A. § 583.

4

decisions from which the appeal is being taken." 36 M.R.S.A. § 844(1) (emphasis added). Further, section 844(2) clarifies that the State Board will only have jurisdiction if an applicant appeals from "the decision of the assessors or the municipal officers on a request for abatement with respect to *nonresidential property* or properties having an equalized municipal valuation of $1,000,000 or greater, either separately or in the aggregate, to the State Board of Property Tax Review." 36 M.R.S.A. § 844(2) (emphasis added). In other words, 36 M.R.S.A. § 844(2) expressly precludes the State Board from exercising jurisdiction over appeals relating to residential properties. *See Wingate v. Town of York*, Nos. 2003-005 & 2003-006 (B.P.T.R. June 4, 2004) (where the Board rejected petitioner's argument that section 844(2) of Title 36 did not limit the Board's jurisdiction to nonresidential properties, but instead adopted the town's argument that the statute precluded the Board from hearing appeals involving any residential properties).

Petitioner does not contend that the assessment of the 73 acres subject to the Tree Growth Tax Law is incorrect; instead, Old Point contends that the assessment of the remaining 21 residential acres is wrong. The State Board does not have jurisdiction over this matter because it pertains to a denial of an abatement related to a residential property. *Turner v. Maine Revenue Servs.*, Nos. 2006-010 & 2006-011, at 2 (B.P.T.R. Nov. 6, 2006); *Town of Alfred v. Schiavi*, Nos. 2005-010, 2005-011, 2005-012, 2005-013 & 2005-013, at 3 (B.P.T.R. May 9, 2006). However, pursuant to 36 M.R.S.A. § 844(1), Old Point has the right to have the denial of its abatement request reviewed by the Commissioners. Therefore, the Commissioners committed an error of law by denying jurisdiction over Petitioner's abatement appeal.

The entry will be:

The State Board's decision is AFFIRMED. The decision of Commissioners is REVERSED and the matter is REMANDED to the Commissioners to hear this appeal on the merits.

___10/12/13___
DATE

___[signature]___
SUPERIOR COURT JUSTICE

6

| Date Filed | 5/9/12 | Kennebec | Docket No. AP12-16 | F |

County

Action: <u>Petition for Review</u>            **J. Murphy**

80C

| Old Point, Inc. | vs. | Inhabitants of the Town of Lamoine, et al. |

| Plaintiff's Attorney | Defendant's Attorney |

| William Dale, Esq. | -Edmond Bearor, Esq. |
| Ten Free Street | -John K. Hamer, Esq. |
| P.O. Box 4510 | P.O. Box 1401 |
| Portland, Maine 04112 | Bangor, ME 04402-1401 |

Date of Entry

| 5/9/12 | Petition for Review of Governmental Action, filed. s/Dale, Esq. |

| 5/22/12 | Certificate of Record, filed. s/Pamela Strong, Clerk |

| 5/23/12 | Consented-to Motion to Stay, filed. s/Dale, Esq.<br>Proposed Order, filed. |

| 6/7/12 | ORDER, Murphy, J.<br>Proceedings in the pending action are stayed until 8/30/12, unless otherwise ordered by the Court.<br>Copy to Attys Dale and Bearor |

| 11/27/12 | Status phone conference scheduled for 11/29/12 at 1:00. |

| 11/29/12 | Phone conference held.<br>ORDER, Muprhy, J.<br>By agreement of the parties, stay is extended to 3/1/13. Hancock County Commissioners have not met on this appeal yet.<br>Copy to Attys Dale and Bearor |

| 2/6/13 | Motion To Consolidate, filed 2/4/13. s/Dale, Esq. |

| 3/5/13 | ORDER, Murphy, J. (3/1/13)<br>The pending action shall be consolidated with Hancock County Superior Court Docket No. AP-13-01. This Court shall assume jurisdiction over the two appeals as consolidated.<br>Copy to Atty Dale, Atty Bearor, and Hancock County Superior Court |

| 5/8/13 | Notice and Briefing Schedule issued.<br>Copy to Attys Dale and Bearor |

| 6/18/13 | Rule 80C Brief of Petitioner Old Point, Inc., filed 6/17/13. s/Dale, Esq. |

7/12/13     Brief of Respondents, filed. s/Hamer, Esq.

9/21/13     Oral argument scheduled for 10/9/13 at 1:00 p.m.
            Motion/Oral Argument List and Notice of Hearing to Attys Dale, Bearor, Hamer.

10/9/13     Oral argument held.  J. Murphy presiding.
            William Dale, Esq. and Edmond Bearor, Esq. present.
            Tape 1768, Index 50-710
            Under advisement.

10/17/13    ORDER ON CONSOLIDATED RULE 80C and 80B APPEALS, Murphy, J.
            The State Board's decision is AFFIRMED.  The decision of the Commissioners is
            REVERSED and the matter is REMANDED to the Commissioners to hear this appeal
            on its merits.
            Copy to Attys Dale and Bearor.
            Copy to Repositories.